UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH BURIAN, )
)
        Plaintiff, )
)
  vs. ) No. 4:06-CV-0508 CEJ
)
COUNTRY INSURANCE & FINANCIAL )
SERVICES, )
)
        Defendant. )

**ORDER**

This matter is before the Court on review of plaintiff's response to the Court's order directing him to demonstrate that the amount in controversy in this diversity suit exceeds $75,000.00, exclusive of interest and costs.[1] This case arises out of a motor vehicle accident between plaintiff and an allegedly uninsured motorist. Plaintiff, a Missouri citizen, filed suit against his insurance company, a citizen of Illinois, claiming damages "in excess of Twenty-Five Thousand Dollars" for medical bills, lost wages, and pain and suffering.

Because jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a). Federal courts are to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). "The trial

---

[1] Defendant was given an opportunity to respond, but has not done so.

court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184 (1936) (internal quotations omitted).

In response to the Court's order to establish the jurisdictional amount, plaintiff states that he incurred medical expenses in excess of $14,325.55, lost wages in excess of $15,000.00, and that he expects to incur additional losses of this kind in the future. Plaintiff also states that he held policies of insurance, issued by the defendant, on three automobiles, and that each policy provided uninsured motorist coverage of $50,000, for a potential total coverage of $150,000.[2] Plaintiff contends that "the amount in controversy herein is the amount of plaintiff's uninsured motorist coverage . . . ."

The purpose of the uninsured motorist coverage requirement is to "give persons insured by such coverage, when injured by an uninsured motorist, protection parallel to that which they would have had if they had been injured in an accident caused by a motor vehicle covered by the minimum liability requirements of the financial responsibility law." Otto v. Farmers Ins. Co., 558

---

[2] Under Missouri law, the amounts of individual uninsured motorist policies may be combined, or stacked. See Hines v. Government Employees Ins. Co., 656 S.W.2d 262 (Mo. 1983). "'[S]tacking' refers to the ability of an insured to recover on multiple coverages on separate vehicles for a single accident involving one of those covered vehicles . . . ." Tresner v. State Farm Mut. Ins. Co., 957 S.W.2d 380, 381 (Mo. Ct. App. 1997).

-2-

S.W.2d 713, 717 (Mo. Ct. App. 1977). Missouri's uninsured motorist statute is "for the protection of persons . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." Mo. Rev. Stat. § 379.203. Plaintiff may recover from his insurer what he would be legally entitled to recover from the tortfeasor.

Simply because plaintiff's policies would provide up to $150,000 in coverage, however, does not mean that the amount in controversy is $150,000. Plaintiff has only presented evidence of damages totaling $29,325.55. He states that he will miss work and incur medical bills in the future, but in order to satisfy the amount in controversy requirement, plaintiff would have to anticipate an additional amount of damages in the amount of $45,674.46. Plaintiff presents no information that would support a finding that his future losses would equal this amount.[3] Plaintiff relies on either the erroneous assumption that the full coverage amount of the policies equals the amount in controversy or that the Court will assume that the plaintiff's damages would total the requisite amount.

While "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction," Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994), plaintiff's complaint merely

---

[3] Plaintiff summarily alleges that his injuries are permanent, but he does not allege substantial physical impairments or other extensive medical needs. Plaintiff's receipt for ongoing medical treatment indicates 33 visits to a chiropractor in 2000, 23 visits in 2001, 13 in 2002, 2 in 2003, 12 in 2004, 3 in 2005, and 3 to date in 2006.

seeks "an amount in excess of Twenty-Five Thousand Dollars."  When "the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995).  The plaintiff has only proved the amount of $29,325.55; the rest is speculation.  Speculation does not amount to the "preponderance of the evidence" required to satisfy the plaintiff's burden.

The Court finds that the plaintiff has not carried his burden in proving the jurisdictional amount, and the case must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **dismissed for lack of subject matter jurisdiction**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2006.